UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quicken Loans, Inc., | ) | C/A: 2:16-1277-PMD-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Edwin Wright, | ) | |
| | ) | |
| Defendant. | ) | |

The pro se Defendant Edwin Wright (Defendant) filed a notice of removal on April 24, 2016, which purports to remove Civil Action No. 2014-CP-08-00155 from the Court of Common Pleas of Berkeley County, South Carolina. Defendant appears to assert that removal of the state court mortgage foreclosure action is proper because the state court lacks subject matter jurisdiction.

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Further, the burden is on the removing defendant to establish subject matter jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

When considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted). In addition, "[r]emoval statues must be strictly construed against removal," Scott v. Greiner, 858



F.Supp. 607, 610 (S.D.W.Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."].

Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. Here, Defendant appears to have based the removal of this case on federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted); see Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004)[discussing the well-pleaded complaint rule]. Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

A careful review of the pleading in this case fails to reveal any basis for federal question jurisdiction. This is a state law foreclosure action, and a review of the complaint reveals that it is solely based on state law. See ECF No. 1-1 at 78-82. No federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp.2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases); Deutsche

2

Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013). Additionally, to the extent that Defendant is attempting to raise a defense to the foreclosure action based on a federal statute or constitutional amendment, such defenses do not establish removal jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."].

Defendant argues that removal is proper pursuant to Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d 368, 370 (Fla. 2d DCA 1985)[noting that lack of subject matter jurisdiction may properly be raised for the first time at the appellate stage and holding that absent prior approval of a charge for plant facility expansion by the Public Service Commission, the trial court lacked subject matter jurisdiction to grant judgment for regulated utility]. However, this case provides no support for Defendant's argument that the Court of Common Pleas for Berkeley County lacks jurisdiction over this state foreclosure action.[1] Although Defendant argues lack of jurisdiction, he has not made any plausible argument in support of his assertion.

Additionally, Defendant Wright has not asserted removal based on diversity jurisdiction, but even if he has, he is precluded as a matter of law from removing the case on the basis of diversity of citizenship because he is a citizen of South Carolina and because no federal question is presented on the face of Plaintiff's properly-pleaded complaint. See 28 U.S.C. § 1441(b)(2)["A civil action otherwise removable solely on the basis of the jurisdiction under section

---

[1] Defendant argues that he is removing this case for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). However, the federal rules of civil procedure "govern the procedure in all civil actions and proceedings in the United States district court..." Fed. R. Civ. P. 1. The present action was filed state court. Further, any argument that this Court lacks subject matter jurisdiction pursuant to 12(b)(1) supports the conclusion that this action should be remanded.



3

1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."].

Therefore, it is recommended that this action be remanded back to the state court <u>sua sponte</u> because this Court lacks subject matter jurisdiction (as discussed above). A district court is obligated to consider <u>sua sponte</u> whether jurisdiction is present and remand the case to state court if it determines that it lacks jurisdiction. <u>See</u> 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008).

**Conclusion**

Based on the foregoing, it is recommended that this case be **remanded** to the state court.[2] The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 13, 2016
Charleston, South Carolina

---

[2]While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. <u>Cf</u>. <u>Williams v. Beemiller, Inc.</u>, 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; <u>Vogel v. U.S. Office Products Co.</u>, 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; <u>First Union Mortgage Co. v. Smith</u>, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; <u>In re U.S. Healthcare</u>, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; <u>Vaquillas Ranch Company v. Texaco Exploration & Production, Inc.</u>, 844 F. Supp. 1156, 1163 (S.D.Texas 1994); <u>McDonough v. Blue Cross of Northeastern Pennsylvania</u>, 131 F.R.D. 467 (W.D.Pa. 1990); <u>City of Jackson v. Lakeland Lounge of Jackson, Inc.</u>, 147 F.R.D. 122, 124 (S.D.Miss. 1993); <u>Long v. Lockheed Missiles & Space Co.</u>, 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued orders of remand in some circumstances, in light of Defendant's <u>pro se</u> status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that Defendant can contest remand before the District Court Judge, if he so desires.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

