IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Quicken Loans Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:16-cv-1277-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Edwin Wright, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on *pro se* Defendant Edwin Wright's objections to United States Magistrate Judge Bristow Marchant's report and recommendation ("R & R") (ECF No. 14). The Magistrate Judge recommends that the Court remand this action to state court *sua sponte*. For the reasons stated herein, the Court adopts the R & R and remands the action back to state court.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Wright raises a general objection to the R & R based on his interpretation of *Wheeling Steel Corp. v. Fox*, 298 U.S 193 (1936). This objection does not address the Magistrate Judge's remand analysis, much less raise a cognizable objection. Quicken Loans' mortgage foreclosure action does not raise a federal question, and Wright cannot remove it based on diversity because he is a South Carolina citizen.[1] Accordingly, this Court does not have jurisdiction over this matter. Finding no errors in the R & R, the Court adopts it as its opinion.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Wright's objections are **OVERRULED** and the action is remanded to state court.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 5, 2016**
**Charleston, South Carolina**

---

1. 28 U.S.C. § 1441(b)(2) forbids a defendant sued in his home state from removing an action to federal court.